FILED 11 MAR 28 12:58 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SHANE D. WILLIS,                             CV. 08-1510-HA

        Plaintiff,                      ORDER TO DISMISS

   v.

CITY OF SALEM, CITY OF SALEM
POLICE DEPARTMENT, A. DEDEK,
and OFFICER RENZ,

        Defendants.

HAGGERTY, District Judge.

    This prisoner 42 U.S.C. § 1983 action comes before the court on defendants' Rule 12(b) Motion to Dismiss [25] and plaintiff's Motion for Summary Judgment or Default Judgment [28]. For the reasons which follow, defendants' Motion to Dismiss is granted, and plaintiff's dispositive Motion is denied.

## BACKGROUND

    In his Amended Complaint, plaintiff alleges he was the victim of an unlawful search and seizure during a traffic stop by two

1 - ORDER TO DISMISS

Salem Police Officers, defendants Dedek and Renz. Plaintiff also alleges that these defendants used excessive force against him during the course of their arrest, and that the Salem Police Department fails to properly train and supervise its officers. He seeks monetary damages in the amount of $250,000.

Defendants move to dismiss the Amended Complaint because: (1) plaintiff has not properly served any defendant; and (2) plaintiff failed to timely file this case. Plaintiff seeks either summary or default judgment based upon defendants' alleged failure to timely file a responsive pleading.

## DISCUSSION

### I. Service Issues

Defendants first move to dismiss plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction due to plaintiff's failure to serve them. Plaintiff moves for summary judgment or a default judgment based on the failure of defendants to file a timely responsive pleading.

The court advised defendants of this lawsuit upon remand from the Court of Appeals, and asked the Salem City Attorney to waive service on December 15, 2010. On December 17, 2010, defendants filed their Motion to Dismiss and on January 10, 2011 counsel for defendants refused to waive service on behalf of defendants. As defendants have not yet been properly served, plaintiff's Motion for Summary Judgment or Default Judgment is denied.

2 - ORDER TO DISMISS

<mark>Case 3:08-cv-01510-HA   Document 35   Filed 03/28/11   Page 3 of 6</mark>

Although counsel for defendants refused to waive service in this matter, plaintiff can cure this deficiency with the assistance of the U.S. Marshal since he is an *in forma pauperis* litigant. See Fed. R. Civ. P. 4(c)(3) (providing for U.S. Marshal assistance where litigant is granted *in forma pauperis* status). However, because plaintiff's Amended Complaint is subject to dismissal pursuant to Fed. R. Civ. P. 12(b)(6) on the basis that it is untimely, the court need not engage the services of the U.S. Marshal's Office to assist plaintiff with service in this matter.

## II. Statute of Limitations: Failure to State a Claim

### A. Standards

Dismissal is appropriate if plaintiff fails to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A complaint which has not been filed within the applicable statute of limitations is subject to dismissal for failure to state a claim. *Jones v. Bock*, 127 S.Ct. 910, 920-22 (2007). A complaint should not be dismissed for failure to state a claim, however, unless it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995).

Dismissal for failure to state a claim is a ruling on a question of law. *Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). Review is limited to the contents of the complaint and any attached exhibits. *Id* at 1484.

3 - ORDER TO DISMISS

Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *Id.* From the facts alleged, the court also must draw all reasonable inferences in favor of the nonmoving party. *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). But conclusory allegations, without more, are insufficient to defeat a motion to dismiss for failure to state a claim. *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

B. **Analysis**

Forty-two U.S.C. § 1983 does not have an independent statute of limitations, therefore the applicable limitation period is borrowed from the forum state. *Wilson v. Garcia*, 471 U.S. 261, 279 (1985). Actions filed pursuant to § 1983 are characterized as personal injury actions for statute of limitations purposes. *McDougal v. County of Imperial*, 942 F.2d 668, 672-73 (9th Cir. 1991) (applying state personal injury limitations period to § 1983 actions). In Oregon, this period is two years. O.R.S. 12.110(1).

Plaintiff alleges that defendants violated his constitutional rights during a traffic stop on May 19, 2005, but he did not file this civil rights action until December 22, 2008.[1] Plaintiff does

---

[1] Although the court did not receive the original Complaint until December 30, 2009, plaintiff signed the pleading on December 22, 2009. Under the "prison mailbox rule," a prisoner's documents are deemed filed at the moment the prisoner delivers them to prison authorities for forwarding to the Clerk of Court. *Saffold v. Newland*, 224 F.3d 1087, 1091 (9th Cir. 2000)

not dispute that he failed to file this action within two years of the incident about which he complains, but first asserts that his case is nevertheless timely because the statute of limitations should be tolled until April 10, 2008, the date on which he became aware that his criminal charge for Resisting Arrest was dismissed, thereby showing that the officers' use of force against him was unnecessary.

District courts are obliged to borrow the applicable provisions for tolling the limitations period from the forum from which it also borrows the statute of limitations, itself. *Hardin v. Straub*, 490 U.S. 536, 539 (1989); *TwoRivers v. Lewis*, 174 F.3d 987, 992 (9th Cir. 1999). Plaintiff has not identified, and the court is unable to locate, any authority for the proposition that a damages claim based on excessive force during the course of arrest is so dependent upon the adjudication of criminal charges against the litigant as to toll the statute of limitations pending resolution of the criminal charges. Indeed, plaintiff was aware of the amount of force used against him on May 19, 2005 and was in a position to judge at that time whether the force was justifiable regardless of what his subsequent Indictment alleged.

Alternatively, plaintiff argues that the statute of limitations should not begin to run until all of the effects of the beating he allegedly suffered during the course of his arrest, such as headaches and blurred vision, have subsided entirely and require

5 - ORDER TO DISMISS

no medication or other treatment. There is no support in the relevant case law for the proposition that the personal injury statute of limitations does not begin to run until all injuries from an alleged assault have fully healed and require no further medication or treatment.

Because the two-year statute of limitations began to run on May 19, 2005, and as plaintiff did not file his original Complaint until December 22, 2008, this action is dismissed on the basis that it is untimely.

## CONCLUSION

Plaintiff's Motion for Summary Judgment or Default Judgment [28] is DENIED. Defendants' Motion to Dismiss [25] is GRANTED on the basis that plaintiff failed to timely file this action. Accordingly, the Amended Complaint [13] is DISMISSED with prejudice.

IT IS SO ORDERED.

DATED this 28 day of March, 2011.

                                       Ancer L. Haggerty
                                       United States District Judge